### VARN v. MOELLER. (No. 1005.)

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1919. Rehearing Denied Nov. 28, 1919.)

1. BROKERS ☞57(2)—COMMISSION EARNED BY SECURING PURCHASER READY, ABLE, AND WILLING TO BUY.

A real estate broker having furnished the purchaser, ready, able, and willing to buy and on the proposed terms, and who was accepted by the seller, was entitled to recover his commission, although the sale was finally made by the seller on terms satisfactory to himself and different from those originally agreed upon between purchaser and broker, and particularly where the purchaser insisted that he bought through the broker, and must close the deal through him.

2. TRIAL ☞351(5)—REQUESTED SPECIAL ISSUE PROPERLY REFUSED IN VIEW OF OTHERS SUBMITTED.

In a broker's action for commission, where the court had submitted to the jury in the first two issues in his general charge, the ultimate and controlling issues of the case held not error to refuse to submit any one of the requested special issues.

3. TRIAL ☞350(4)—REFUSAL OF REQUESTED SPECIAL ISSUES CONTAINING NONGERMANE QUESTIONS.

In action for commissions on sale of property by broker, requested special issue, embracing making of agreement not germane to real issue in the case, held properly refused.

4. TRIAL ☞273, 352(2)—TIME FOR PREPARING OBJECTIONS AND FOR FILING OF SPECIAL ISSUES.

In a broker's action for commission, where the court's charge submitted only three issues and the controlling issues were exceedingly few and simple, and the court adjourned from 11:45 a. m. until 2:30 p. m., requiring that all special issues be prepared in the interval, and appellant prepared and filed objections to the court's charge, and it does not appear what further objections appellant wanted to prepare, the assignment that the court erred in not granting more time must be overruled.

5. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR IN ADMISSION OF EVIDENCE.

In a broker's action for commission on the sale of real estate, that appellant owner admitted or denied in a letter his liability for commission would be so remote to the real issues that the introduction of the letter would not be reversible error.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by William Moeller against George W. Varn. Judgment for plaintiff, and defendant appeals. Affirmed.

M. W. Stanton, of El Paso, for appellant. Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J. Appellee, William Moeller, brought this suit to recover of appellant, George W. Varn, $687.50 as commissions alleged to be due appellee for the sale of certain real estate effected through him as a broker. Appellee was a real estate broker in the city of El Paso, Tex.

Appellant, the owner, listed certain real estate with appellee for sale. Appellee alleged that he, on terms satisfactory to appellant, sold the real estate to A. Stolaroff for $13,750, and in separate counts alleged that a commission of 5 per cent. on the gross selling price of the property sold was agreed upon for effecting said sale, the first count declaring upon an express contract for said commission, and the second count declaring upon an implied contract.

Appellant answered by general demurrer, general denial, and a special denial of certain allegations in the petition, and alleged that the property claimed to have been sold was under a mortgage, and that under the agreed terms upon which the property was to be sold the property was to be released from the mortgage and cash paid for the property; that appellee was to consummate said agreement before he was entitled to a commission, and that said agreement was never consummated; that a sale was made to A. Stolaroff, but by agents other than appellee.

Upon special issues submitted the jury found: First, William Moeller was the procuring and efficient cause which induced A.

Stolaroff to purchase the property, and which enabled appellant to sell the same to A. Stolaroff; second, it was mutually understood or contemplated by appellant and appellee that appellant should pay appellee a commission of 5 per cent. upon the purchase price of said property, if said property should be sold by appellee for a sum satisfactory to appellant and on terms satisfactory to appellant; third, the reasonable, value of appellee's services in procuring the sale of said property was $687.50. Judgment was rendered on the verdict for appellee for the amount found by the jury.

Appellant presents 23 assignments of error, and further insists that it was fundamental error to overrule appellant's general demurrer. We think the court was not in error in overruling appellant's general demurrer. Appellant's first assignment is a copy of a large portion of his lengthy motion for a new trial, embracing appellant's deductions of fact from the evidence, propositions both of law and fact, and neither the assignments nor propositions thereunder distinctly specify or point out that part of the proceeding contained in the record in which error is complained of so as to identify it. We gather, however, that appellant's insistence under this assignment is: First, that the original contract of sale made by appellee to Stolaroff was made subject to approval by appellant, and that the evidence shows that appellant never approved the sale as originally made by appellee with Stolaroff; second, that it appears from the evidence that appellee never carried out any agreement by which he was to receive a commission, as same was not consummated; that appellee was not the efficient procuring cause of the sale; that the alleged agreement under which appellee claims a commission was without consideration; that appellee made no agreement with Stolaroff satisfactory in its terms to appellant; and that the verdict and judgment are wholly unsupported by the evidence. The assignment is not sustained by the record. The evidence is undisputed that appellant listed the property for sale with appellee. The evidence shows, and the jury found, that appellee found the purchaser, and was the procuring and efficient cause which induced the purchaser, Stolaroff, to finally purchase the property. The evidence shows that, while the terms of the sale as first outlined and agreed upon between appellee and Stolaroff were somewhat changed in the final consummation of it, the property was sold by appellant to Stolaroff, and for the amount of money originally agreed upon. As soon as appellee agreed with Stolaroff on the amount at which the property could be purchased, he so advised appellant, and insisted on appellant coming to El Paso at once. Appellant by telegram or letter accepted the terms of the sale with some few minor provisions, came on to El Paso, and made the sale.

[1] Appellee, having furnished the purchaser ready, able, and willing to buy, and on the proposed terms, and who was accepted by the seller, was entitled to recover, although the sale was finally made by the seller, on terms satisfactory to himself, and on terms different from those originally agreed upon between the purchaser and appellee. Stolaroff was ready, able, and testified that he was willing, to pay all cash, or to assume the indebtedness on the property and pay the difference in cash. Stolaroff further testified that no real estate dealer other than appellee negotiated with him about the property, and in effecting the purchase insisted that he bought the property through appellee and must close the deal through appellee. Webb v. Harding (Com. App.) 211 S. W. 927; Goodwin v. Gunter, 185 S. W. 295, and same case on rehearing, 195 S. W. 848.

[2] The court was not in error in refusing to submit any of the special charges requested by appellant. In our opinion the court had submitted to the jury in the first two issues the ultimate and controlling issues in the case in his general charge, and it was not error to refuse to submit any one of the special issues.

[3] As to special issue 5, as submitted by appellant, as we understand it, it did not include the entire contract appellee had undertaken, to find a purchaser for the property and for which service, if successful, he was to receive the commission as stated in appellee's petition, and upon which he had offered his evidence, but the question to the jury in the special issue was whether at a much later date, and after appellee's original contract with Stolaroff had been made, appellant and appellee then entered into the contract by which appellee would find a purchaser on terms stated, and whether under the agreement then made appellee was to receive a commission of 5 per cent. on the purchase of the property, and whether under that agreement the sale was to be closed before the day stated. To which special issue the court added the words: "And this was the entire agreement relating to the property at the time inquired about."

The special issue 5, as submittel by appellant, was misleading. It seems to us immaterial whether appellant and appellee entered into any such contract or not. It had reference only to some of the conditions of sale appellant was insisting upon while the sale was pending and did not embrace the contract sued on, nor the facts shown in evidence by appellee in effecting the sale to Stolaroff. As submitted by the court, and having the contract referred to to relate back and cover the entire transaction as a whole, the jury answered No. It is difficult to tell just what was the issue meant to be submitted to the jury. Omitting from the issue the

words the court added, had the jury answered No, to the question, it would have meant only that at that time, and under the group of facts there stated, a contract was not made agreeing to a commission. But such finding would not have determined the issues tendered in the pleadings by either party. As submitted and found by the jury no real issue upon which the case depended was determined. In other words, the jury might have answered the question by Yes or No either as tendered by appellant or as submitted by the court, and the answer would not have determined any issue in the case, for the reason that the group of facts stated in the question constituted neither the cause of action as pleaded nor the defense.

What we have said in discussing other assignments applies to assignments 12, 13, 14, 15, and 16.

[4] The next three assignments complain that the court refused to allow a reasonable length of time within which to make written objections to the court's charge and to prepare and submit special issues. The court adjourned at 11:45 o'clock a. m. until 2:30 o'clock p. m., and required that all special issues be ready to submit at the time to which the court adjourned. Appellant prepared and filed objections to the court's charge. It does not appear what further objections, if any, or what was the nature of the further objections appellant's attorneys wanted to prepare. We are not prepared to say the court abused its discretion in not granting more time. The court's charge was brief, submitting only three issues. The real controlling issues in the case are exceedingly simple and few. The assignments are overruled. Fred Mercer Dry Goods Co. v. Fikes, 191 S. W. 1178. As we view the record, the court was not in error in refusing to allow appellant to withdraw his announcement and continue the case.

[5] Admitting that the portion of the letter referred to in the twenty-third assignment should not have been introduced in evidence, a question we need not pass upon, it being self-serving on the facts stated in the letter, we fail to see how its admission in evidence in any way affected the result. It had no bearing upon any of the issues submitted. The fact that appellant admitted or denied his liability for a commission would be so remote to the real issues tendered in the pleadings of either party and the issues submitted by the court that the introduction of the letter could have but little, if any, probative force. It could not be reversible error. While we have not discussed severally each of the assignments, we have carefully considered them, and they are each overruled.

Finding no reversible error the case is affirmed.