This suit was filed by appellee, as plaintiff, against appellant, as defendant. From a judgment for plaintiff, the defendant appeals.
Plaintiff alleges in his petition substantially as follows: That the defendant was the owner and operator of the Oklahoma Grocery and Market, doing business in Borger, Hutchinson county, Tex, and has been operating said store since the 27th of June, 1926; that the plaintiff was an employee in the market department of said store; that on or about the 27th of June, 1927, plaintiff entered into a contract with the defendant whereby he (plaintiff) was to enter into the employment of the defendant, in the capacity of meat cutter in the sale of market products in said store and market; that as a consideration for his services, the plaintiff was to receive from defendant the sum of 25 per cent. of the net profits realized from the sale of market products and groceries, whether the same be sold in the market or grocery department business. Plaintiff further represents that as a result of the contract entered into and in consideration of 25 per cent. of the net profits agreed upon, the plaintiff entered into the employment of the defendant and operated the market department of said business from the 27th of June, 1926, until on or about the 15th of May, 1927; that during such time, plaintiff and defendant sold approximately $125,000 in merchandise, at a profit of 25 per cent., or $31,250, of which said amount the plaintiff is entitled to one-fourth; that at the time of the termination of the contract, or about the 15th day of May, 1927, the stock of merchandise in the grocery store and market inventoried $4,146.37; that there was on hand cash, belonging to said parties, in the bank the sum of $1,399.86; cash taken in and in the safe, $1,371.53; accounts receivable from solvent customers, $2,200; $500 on deposit with Doyle Packing Company of Wichita, Kan.; light deposit, $16; deposit with the Bondhurst Salt Company, $7 — making a total of deposits and inventory of $6,956.76 belonging to the plaintiff and defendant; that there is property situated in said store building, in which the business is operated, fixtures and tools, which are not shown in the inventory belonging to the plaintiff and defendant to the value of $475.50; that the plaintiff and defendant owned a pair of scales, which defendant sold to J. A. Morgan, of the value of $90, and which defendant has failed and refused to account to plaintiff for his pro rata part of the profits of said sale. Plaintiff further represents that all of the values heretofore referred to as merchandise, cash on hand, etc., represent profits and investment of profits from the said business, and of which said total amount, to wit, $7,520.36, plaintiff is entitled to 25 per cent. thereof; that said business has realized a net profit of 25 per cent. on all merchandise sold in the operation of said grocery and market, in the sum of $31,250; and that the defendant has accounted to the plaintiff for the sum of $7,520.36, leaving a balance to be accounted for of $23,729.64; that under the contract with plaintiff, as heretofore set forth and stipulated, the defendant is indebted to the plaintiff in the sum of $7,802.25, which represents one-fourth of the net profits from said business. Further, it is alleged that the plaintiff has drawn from the said business the sum of $1,700, representing a part of the profits, and *Page 379 
leaving a balance due him by the defendant of $6,102.25.
Plaintiff also alleges that during the course of the operation of said business by plaintiff and defendant, said defendant has had the books belonging to said store and market in his possession and which said books showed the profits of said concern; that the defendant has at all times and at this time is keeping said books concealed from the plaintiff and will not permit him to audit or have them audited so that the true profits of said business may be ascertained. Plaintiff prays for an accounting, and that the court require defendant to bring the said books into court, etc., and that he recover judgment against the defendant for the sum of $6,102.25.
The pleadings of the defendant will not be stated, as they are not necessary to a discussion of the questions to be determined on this appeal.
The case was submitted to a jury upon special issues, and in answer to such issues, they found, in effect: That the net profits of the grocery store and the meat market combined, at the time the plaintiff and defendant terminated the contract, was $14,775.00; that the plaintiff and defendant had agreed that the business should be charged with $200 per month rent; that the plaintiff and defendant agreed that the plaintiff should have the room that he moved into in the warehouse for sleeping purposes, rent free, if he would pay his part of the improvements that were placed therein, and that the plaintiff had paid his part for same.
The trial court, after deducting the sum of $1,727.82 received by plaintiff, rendered judgment for him in the sum of $1,965.93, balance coming to him.
In a supplemental brief, the appellant (defendant) presents alleged fundamental error in that the trial court erred in rendering judgment in favor of the plaintiff, for the reason that the pleading of the plaintiff is wholly insufficient upon which to predicate any judgment and was subject to a general demurrer.
The specific objection to the petition under this assignment is that it does not allege the time of ascertaining such net profits, nor how they were to be paid, and no basis is contained in said petition anywhere for ascertaining the amount of said net profits, the time of payment, or the method of ascertaining same.
In passing upon this question, we find no order or judgment of the trial court overruling the general demurrer; hence we will pass upon the sufficiency of the petition, under the proposition that a judgment rendered upon pleadings not setting out a cause of action is fundamental error.
In passing upon the sufficiency of a pleading to support a judgment, every reasonable intendment must be indulged in favor of the instrument attacked as to its sufficiency. Whaley v. Thomason, 41 Tex. Civ. App. 405,93 S.W. 212; Patton-Worsham Drug Co. v. Drennon (Tex.Civ.App.)123 S.W. 706.
The plaintiff's petition, as disclosed by the foregoing statement of its contents, alleges a contract between the parties, the consideration for same, the date of the contract, and its termination. This is a sufficient allegation, by intendment, of the time for the ascertaining of the net profits, how they were to be paid and when to be paid, and is a sufficient basis for the judgment in the absence of a special demurrer. The allegation that the books are in the hands of the defendant and concealed and withheld by him from the plaintiff is a sufficient excuse for not pleading more in detail the transactions of the business, and, we think, the petition is not subject to general demurrer. Even though no such excuse for not pleading in detail was given, the petition presents a cause of action when considered as a whole. Altgelt v. Elmendorf (Tex.Civ.App.) 86 S.W. 41.
Error is assigned on the refusal of the trial court in not setting aside the verdict of the jury, for the reason that their verdict was arrived at by calculating an average, and was not based on their individual judgment, and, further, that when said amount was reached, it was the understanding of some of the jurors that there was to be deducted therefrom the amount of the rent due defendant, the amount already paid to the plaintiff, etc. This proposition is in violation of the rules for the presentation of errors in this court, for it is clearly multifarious. It cannot be considered for another reason. The objection is presented in an unsworn motion for a new trial, while it is reserved by bill of exception, as follows:
"The defendant, M. E. Colclazier, through his attorney of record, duly presented his motion to set aside the verdict of the jury rendered herein, which said motion had been previously filed in this cause on the 16th day of July, A.D. 1927, and in paragraph 12 thereof, is as follows, to wit (transcript, page ___): `Because the jury was guilty of misconduct in arriving at the amount of profit under the court's first interrogatory, in this: They differed widely as to the amount of such damages and profit, and finally determined as to the amount, not from the individual judgment of each juror, but from calculating an average between the highest and lowest amount thought proper by the individual juror. The matters of fact stated under this and eleventh ground for new trial will be proved upon the hearing of this motion.'
"(The defendant offered his testimony at this time of some of the jurors to show that after they had arrived at the amount of their verdict, as shown by transcript, page ___, it was the understanding of these jurors that there was to be deducted therefrom the amount of rent due M. E. Colclazier, the amount already paid to J. H. Moore, the amount paid to L. M. Colclazier, and the expenses, which would greatly reduce the amount of the judgment awarded the plaintiff; but the court refused to hear the said testimony stating that the bill of exceptions may be prepared covering this point and it be *Page 380 
admitted that the above statement would be corroborated by the testimony of some of the jurors.)"
There having been no proper predicate laid for the consideration of the matters set out in this proposition, the trial court did not err in refusing to consider same. Gaertner v. Stolle (Tex.Civ.App.)238 S.W. 252-257 (writ denied); Stubblefield v. Stubblefield (Tex.Civ.App.) 45 S.W. 965, 967.
Error is assigned upon the failure of the plaintiff to make L. M. Colclazier a party defendant, on the ground that he was a necessary party to the action.
We overrule this assignment. Plaintiff, in his petition, alleges a joint adventure between himself and the defendant, in that he was to get 25 per cent. of the net profits for running the market business. While the evidence discloses that L. M. Colclazier, the son of the plaintiff, was also employed in said grocery and meat market, and was to get the sum of 25 per cent. of the net profits of said business, his participation in the net profits in no wise affects plaintiff's recovery and in no wise enters into or controls the contract as alleged and proved between the plaintiff and defendant. The evidence does not show a partnership relation between the two Colclaziers and the plaintiff, but shows a joint adventure. Champion v. D'Yarmett (Tex.Civ.App.) 29.3 S.W. 587, and authorities therein cited (writ denied). This being true, L. M. Colclazier was not a necessary party to the action.
We have carefully considered all propositions and assignments, and, finding no reversible error, affirm the judgment of the trial court.