ROBERTSON v. HUMBLE OIL & REFIN-
ING CO.

No. 5206.

Court of Civil Appeals of Texas. Texarkana.

April 29, 1938.

Rehearing Denied May 5, 1938.

Jones & Jones, of Marshall, for plaintiff in error.

K. W. Gilmore, of Houston, Sam B. Hall and Blalock, Blalock, Lohman & Blalock, all of Marshall, for defendant in error.

WILLIAMS, Justice.

Plaintiff in error, L. B. Robertson, plaintiff below, appeals from a judgment denying a recovery wherein he, together with the Employers Liability Assurance Corporation who intervened, sought damages of defendant in error. Humble Oil & Refining Company, defendant below, for personal injuries. The history and character of this litigation is reported in Tex.Civ.App., 69 S.W.2d 537. It is unnecessary to restate a further history of the facts, because the assignments of error advanced by plaintiff in this appeal involve alleged misconduct of the jury. In the present trial plaintiff amended his pleadings, alleging in the alternative that his injuries were due to gas coming from the wells of defendant.

In response to issues submitted, the jury exonerated defendant from all acts of negligence alleged, and found plaintiff guilty of several acts of contributory negligence. To the question as to amount of damages sustained, the jury answered "None."

In an amended motion for new trial plaintiff alleged: "That the jury while discussing the issues with respect to liability of the defendant and the alleged contributory negligence of the plaintiff, they were divided, some desiring to answer said issues in favor of plaintiff and some in favor of defendant, and that during the deliberations and before all of said issues had been answered or before any of them had been answered, some one or more jurors stated and discussed, in the presence of other jurors desiring to answer said issues in favor of plaintiff, that the plaintiff should have sued all the surrounding operators, that all of said operators were letting gas loose and that even if some of the gas which caused the fire that resulted in plaintiff's injuries did come from defendant's tanks or property, that all the blame should not be put upon defendant, and for these reasons, they should find in favor of defendant."

The evidence disclosed oil wells being operated by various concerns in the vicinity prior to and at the time of the fire, and the jury learned from the pleadings that this company was the only defendant in the suit. In Allala v. A. N. Tandy & Sons, 127 Tex. 148, 92 S.W.2d 227, in an opinion adopted by the Supreme Court, it is said (page 228): "In the case shown, nothing more than a misinterpretation of testimony appears. Even if such misinterpretation be conceded, proof of the fact that the misinterpretation induced the verdict on the issue of negligence still would depend entirely on the testimony of jurors as to their mental processes. The statute does not contemplate that jurors either individually or collectively, shall be allowed to destroy their verdict in this fashion."

Plaintiff further alleged that "Before the jury had returned a final verdict some one or more of the jurors discussed and considered the effect of their answers; and discussed and considered the effect of their answers with respect to liability of defendant in connection with the answer of the jury with respect to the damages sustained by plaintiff, and did openly discuss the effect of the answers to the special issues, and did state in the presence of other jurors that the effect of their answers with regard to the question of liability was to give plaintiff nothing, and there was no use of writing in any amount with regard to the damages, if any, sustained by plaintiff. That the jury considered the effect of their answers to special issues on liability, and purposely arrived at the verdict entered in an effort to prevent the plaintiff from recovering any damages, and further, intensified said effort by discussing the fact that their answers to said issues on liability would give plaintiff nothing, and, therefore, they should answer nothing in response to the issue on damages, although the jury agreed plaintiff had been damaged."

The allegations in this paragraph summed up amounts to the charge that jurors, knowing the effect of their answers to the questions on liability, answered that plaintiff had not been damaged in that they knew the answers as already made would not permit him to recover. In this cause the jury found plaintiff guilty of contributory negligence in having an open fire at the time and place, in building a fire immediately preceding the gas fire, in lighting and smoking a cigarette at the time and prior thereto. They had exonerated defendant on all acts of negligence alleged. These findings would have prevented a recovery for plaintiff.

It became immaterial if the jury failed to answer the issue on amount of damages or answered same in some amount.

The foregoing allegations as to alleged jury misconduct was verified by an affidavit made by one of the attorneys for plaintiff, reading: "I, * * * solemnly swear that I have talked with some of the jurors, and that the facts set forth in the foregoing motion in respect to jury misconduct were elicited from said conversation, and that upon information and belief the facts set forth in said motion with respect to jury misconduct are true and correct."

This affidavit was subscribed and sworn to before a notary public. It is observed that this affidavit attached to said motion is based upon information and belief for it so states. It does not disclose what facts alleged are based upon information, and what part is based upon affiant's belief, nor what part is conclusions that affiant elicited in his conversations with some of the jurors. Defendant by special demurrer urged that the allegations as to alleged misconduct of the jury be stricken, in that the affidavit constituted no verification as provided by law, and not being supported by the affidavit of any juror. The judgment recites that plaintiff offered to make proof of the allegations having some eleven of the jurors in attendance on court; that the special demurrer was sustained and the court refused to consider same as grounds for motion for new trial and refused to hear evidence on same.

Articles 2232 and 2234, R.C.S., as to motions for new trial based upon alleged jury misconduct, are silent as to whether such a motion should be verified. In Hicks v. State, 75 Tex.Cr.R. 461, 171 S.W. 755, the Court of Criminal Appeals had under consideration an unverified motion for new trial alleging jury misconduct in that the verdict had been reached by lot. This involved the construction of article 753 of the C. C. P. of Texas. That article is also silent as to the requirements of a motion for new trial based upon that alleged misconduct. In discussing the question, the court said (page 762): "Concede, for the sake of the argument, that our statute, in stating on what grounds a motion for a new trial may be granted, does not in express language require the motion setting up matters extrinsic the record to be sworn to, then what does our law say shall be required? Article 26, C.C.P., in unmistakable, clear,

and explicit language says: 'Whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern.' "

Article 1 of R.C.S. Texas, dealing with the Civil Code, provides: "The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

In 2 Cooley's Blackstone, page 1147, in the section discussing new trial, it is said: "A sufficient ground must, however, be laid before the court, to satisfy them that it is necessary to justice that the cause should be farther considered. If the matter be such, as did not or could not appear to the judge who presided at nisi prius, it is disclosed to the court by affidavit; if it arises from what passed at the trial, it is taken from the judge's information; * * *"

In 12 Cyc. 746, it is said: "In England at common law, and in most states as matter of practice, the motion for a new trial when founded on facts not of record, is made on affidavit signed and sworn to by defendant or some person having knowledge of the circumstances."

And to the same effect see 2 Thompson on Trials, E Ed., § 2758; 16 Cor.Jur., pp. 1225–1228, inclusive. The courts of Texas both in civil and criminal causes dealing with alleged misconduct of a jury have followed the common law of England and the practice of the majority of the states that such a motion should be supported by affidavit. Stubblefield v. Stubblefield, Tex.Civ. App., 45 S.W. 965; Milwaukee Mechanics' Ins. Co. v. Frosch, Tex.Civ.App., 130 S.W. 600; Gaertner v. Stolle, Tex.Civ.App., 238 S.W. 252, writ refused; Colclazier v. Moore, Tex.Civ.App., 6 S.W.2d 377; Stockwell v. Snyder, Tex.Civ.App., 51 S.W.2d 812; Allala v. A. N. Tandy & Sons, Tex. Civ.App., 59 S.W.2d 205; Houston, E. & W. T. Ry. Co. v. Eddings, Tex.Civ.App., 139 S.W. 902, writ refused. The presumption is that the jury performed its duty in a proper manner. 16 C.J., p. 1224.

In 12 Encyc. of Pleading & Trials, p. 558, it is said: "An affidavit to secure a new trial on account of the misconduct of a jury must clearly set out the facts constituting the alleged irregularity. The affidavit should be positive as well as specific and

should be sustained by oath and not merely founded on information and belief."

To the same effect we quote from 1 R.C.L. pp. 770 and 772, as follows:

"An affidavit should always be made by one having actual knowledge of the facts, if possible, and its allegations should be full, certain and exact; a bare statement of one's belief being immaterial, unless the case is one where an affidavit as to belief only is required."

"Affidavits upon information and belief should allege facts definitely, and also set forth the sources of the affiant's information and the grounds of his belief, to enable the judicial mind to determine whether the belief is well or ill founded. Inasmuch as an affidavit upon information and belief cannot supply the place of a positive allegation affidavits of different nature cannot ordinarily be used except when authorized by statute."

See, also, 28 Cyc. p. 11; 42 Cor.Jur., p. 493; 16 Cor.Jur., pp. 1226, 1227, 1228. In support of the foregoing see: Miller v. First State Bank & Trust Co. of Santa Anna, Tex.Civ.App., 184 S.W. 614; Texas Farm & Land Co. v. Story, Tex.Civ.App., 43 S.W. 933; Scheffel v. Scheffel, 37 Tex. Civ.App. 504, 84 S.W. 408; Smith v. Banks, Tex.Civ.App., 152 S.W. 449, writ refused; Wilson v. Adams, 15 Tex. 323, 324; Abilene Independent Tel. & Tel. Co. v. Southwestern Telephone Co., Tex.Civ.App., 185 S.W. 356; Graham v. McCarty, 69 Tex. 323, 324, 7 S. W. 342; Lane v. Jones, Tex.Civ.App., 167 S.W. 177.

We conclude from a consideration of the foregoing authorities that a motion for new trial when founded on facts not of record should be supported by an affidavit or affidavits clearly setting out the facts constituting the alleged irregularity; or a reasonable explanation be disclosed in such motion why such affidavit or affidavits could not be secured. The formal motion for new trial was filed December 26th, amended motion on January 8th, and heard and overruled January 25th, and disclosed no explanation why these requirements could not have been met. The manifest purpose for these requirements is to afford assurance to the court that the complainant would probably be able to support his allegations by proof. For otherwise the courts, already congested, would be required to devote a goodly part of their terms in the trial of jurors after the jury had tried the cases. It becomes un-necessary to discuss appellee's cross-assignment of error.

The judgment of the trial court is affirmed.