| 69 | 323 |
| 80 | 375 |
| 69 | 323 |
| 85 | 411 |

------

## No. 2166.

## E. H. GRAHAM v. McCARTY & BROWN.

1. PLEADING.—A plea in abatement, filed after an answer to the merits, should be disregarded.
2. ABATEMENT.—When matters pleaded in abatement do not appear of record, the plea must be sworn to; and if the affidavit is to the truth or the plea, according "to the best of affiant's knowledge and belief," it is fatally defective.
3. JUDGMENT.—A judgment based on a verdict returned in response to an issue not presented by the pleadings will be reversed.

APPEAL from Hood. Tried below before the Hon. T. L. Nugent.

The facts of this case are unimportant, in view of the points decided.

*T. T. Ewell* and *W. A. Duke,* for appellant.

*Cooper & Estes,* for appellees.

ACKER, JUDGE. The Revised Statutes, article 1262, provides that "the defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided that he shall file them all at the same time and in due order of pleading." After answering by general and special demurrer, and general denial, appellees filed a plea in abatement to the jurisdiction of the court, to which appellee Brown made the following affidavit: "That the facts set forth in defendant's first special plea in regard to jurisdiction are, to the best of his knowledge and belief, true." Appellants moved to strike out this plea, "because it was not filed in due order of pleading;" which motion was overruled by the court. Appellants also presented a special exception to the plea in abatement, upon the ground that "it is not verified in any sufficient manner," which was also overruled by the court. To both of these rulings appellants excepted, and assign them as error. That "due order of pleading" requires that a plea in abatement should precede answers to the merits, of either law or fact, is elementary.

Where matters stated in a plea in abatement do not appear of record, the plea must be sworn to, and the affidavit must be to the truth of the plea, and not that it is true to the best of affiant's knowledge and belief. (Wilson v. Adams, 15 Texas, 324.) We think the court erred in the rulings here complained of.

It is contended that the court erred in instructing the jury to determine by their verdict, whether or not the bonds sued on, are valid, because neither the pleadings nor the evidence raise the issue of the validity of the bonds. Upon a careful examination of the record, we fail to discover anything in the pleadings or the evidence upon which a charge on this question could be predicated. The court gave the jury elaborate instructions for their government in determining the question of the validity of the bonds, and the verdict is responsive to this portion of the charge alone.

We think the court erred in giving the charge here complained of, and for the errors indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted December 13, 1887.