**CHAPMAN v. FENNESSY et al.** (No. 1644.)

(Court of Civil Appeals of Texas. El Paso. May 1, 1924.)

**1. Pleading ☞293—Plea to jurisdiction over subject-matter need not be verified.**

A plea to the jurisdiction of the court over the subject-matter need not be verified.

**2. Pleading ☞422—Failure to except to want of verification of plea a waiver of defect.**

Failure to except to a plea to the jurisdiction for failure to verify is a waiver of the defect.

Appeal from Shackelford County Court; Richard Dyess, Judge.

Suit by J. J. Fennessy against Ed. Parkhurst and another, wherein M. E. Chapman was made a defendant and filed a cross-action against his codefendants. Judgment for plaintiff and against defendant Chapman on his cross-action, and he appeals. Reversed and remanded.

Bowers & Allison, of Breckenridge, for appellant.

A. A. Clarke, of Albany, for appellees.

HIGGINS, J. The appellee, Fennessy, brought this suit to recover upon two notes in the sum of $325 each, executed by Ed. Parkhurst and A. O. Bateman, and to foreclose a mortgage upon chattels securing the notes. The appellant, Chapman, was made a party defendant upon the allegation that he was in possession of the chattels subject to the mortgage. The petition alleged the property to be of the value of $950. In due order Chapman pleaded in abatement that the property sought to be foreclosed upon was of the value of more than $1,000, and that plaintiff had fraudulently alleged its value to be less than $1,000, for the purpose of conferring jurisdiction upon the county court, also a general demurrer, general denial, and cross-action against Bateman and Parkhurst.

It was agreed that the plea in abatement and the case upon its merits should be tried together.

Upon the trial Chapman offered evidence in support of his plea in abatement, which was objected to upon the ground that the plea was not verified by affidavit. The objection was sustained, and the evidence excluded. Judgment was rendered in favor of Fennessy as prayed for, and against Chapman upon his cross-action.

[1] The only error assigned is to the exclusion of the evidence indicated. It is first asserted that there is no statute requiring verification of a plea to the jurisdiction of the court over the subject-matter, and so far as we are aware there is none, and it seems to us this position is well taken, but in Graham v. McCarty, 69 Tex. 323, 7 S. W. 342, it was held error to overrule an exception to a plea in abatement to the jurisdiction of the court which was defectively verified. There has been no change in our statutory law which would alter the ruling made in the case cited, and this court is not at liberty to disregard the same.

[2] However, the second contention is correct. This is to the effect that the failure to except to the plea for failure to verify was a waiver of the defect. There are certain pleas required by statute to be verified, which are treated as nullities if not verified, and a failure so to do may be taken advantage of by objection to evidence offered in support thereof. Instances of this character are pleas of non est factum and denial of an alleged partnership. On the other hand, an unverified plea of want or failure of consideration is not treated as a nullity, but if unexcepted to is sufficient to raise an issue and admit evidence in support thereof. Ins. Co. v. Wicker, 93 Tex. 390, 55 S. W. 740. The basis of the distinction made is pointed out in Williams v. Bailes, 9 Tex. 61. See, also, Townes Pleading (1st Ed.) 299.

The plea in the present instance is of the latter class, and, no exception having been taken to the failure to verify, the evidence offered in support thereof should have been admitted.

Reversed and remanded.