**E. L. WITT & SONS et al. v. STITH.**
(No. 6775.)

(Court of Civil Appeals of Texas. Austin. Oct. 22, 1924.)

**1. Pleading ⟨key⟩111—Plaintiff, on filing of plea of privilege, must file controverting affidavit.**

On filing of proper plea of privilege under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, plaintiff must file controverting affidavit and introduce evidence showing right to sue in county of venue.

**2. Affidavits ⟨key⟩11—Must be properly sworn to.**

Purported affidavit is mere statement, unless properly sworn to.

**3. Pleading ⟨key⟩111 — Controverting affidavit held insufficient.**

Affidavit that facts stated, "where stated on his own knowledge, are true, and where stated on information he believes to be true," held insufficient as affidavit controverting plea of privilege.

**4. Pleading ⟨key⟩111—In absence of controverting affidavit to plea of privilege court must transfer case or permit plaintiff to file proper affidavit.**

Until legal controverting affidavit is filed to plea of privilege under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, court acquires no jurisdiction to hear and determine plea, but should obey mandatory provisions of statute, and transfer case or permit plaintiff to file proper controverting affidavit.

**5. Pleading ⟨key⟩111—Absence of notation setting case for hearing on plea of privilege and service of notice of controverting affidavit requires reversal and remand.**

In absence of notation on controverting affidavit by trial judge, setting case for hearing on plea of privilege, and service of notice of affidavit and time for hearing on defendants, as prescribed by Vernon's Ann. Civ. St. Supp. 1918, art. 1903, after affidavit was sworn to, it was error to overrule plea, and render default judgment.

**6. Pleading ⟨key⟩332—Service of notice and copy of verified controverting affidavit, held unnecessary.**

Defendants, applying for writ of error after default judgment rendered, after filing of properly verified amended petition and controverting affidavit to plea of privilege, as authorized by court, pursuant to appellate court's mandate, need not be again served with notice of affidavit and time for hearing thereon, nor with copy thereof, under Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

**7. Pleading ⟨key⟩111—Amended petition and controverting affidavit held sufficient.**

Plaintiff's petition and controverting affidavit to plea of privilege, held not insufficient, as matter of law, as too vague and stating no legal reason why plea ot privilege should not be sustained.

**8. Venue ⟨key⟩8—Cause of action for fraud perpetrated in county of venue held sufficiently stated in amended petition and controverting affidavit.**

Amended petition and controverting affidavit held to state sufficient cause of action for fraud perpetrated in county of venue by false representations therein as to quality, age, etc., of goats purchased by plaintiff.

**9. Pleading ⟨key⟩111—Facts relied on for recovery in suit proper may be alleged in amended pleading and controverting affidavit to confer venue.**

Where facts for recovery in suit proper are same as those relied on in controverting affidavit to confer venue, plaintiff may allege them

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in same instrument, designated, for purpose of notice to contesting party, as amended pleading and controverting affidavit.

Error from Burnet County Court; O. B. Zimmerman, Judge.

Action by Knight Stith against E. L. Witt & Sons and others. To review order overruling plea of privilege and default judgment, defendants bring error. Reversed and remanded.

Old & Smith, of Uvalde, for plaintiffs in error.

Knight Stith, of Llano, pro se.

BLAIR, J. This is an appeal from an order overruling a plea of privilege as well as from a default judgment upon the merits of the case. It is the second appeal to this court on the question of plea of privilege; the first appeal being reported in the case of Witt & Sons v. Stith (Tex. Civ. App.) 212 S. W. 673. In this case this court reversed and remanded the cause because the mandatory provision of article 1903, Vernon's Sayles' Civil Statutes Supp. of Texas, 1918, as to filing a controverting affidavit to the plea of privilege, was not complied with. In reversing the case this court instructed the trial court to give the defendant in error an opportunity to file a controverting plea or affidavit as required by said article of the statute, if he so desired; if not, to transfer the case in accordance with the plea of privilege.

After the mandate had been received by the trial court, it granted defendant in error the privilege of filing what was designated "plaintiff's second amended original petition and first amended controverting affidavit," which was filed on May 11, 1922. This instrument stated that it took the place of all former pleadings in the case as well as all controverting affidavits to the plea of privilege theretofore filed; and also asked that defendant in error be permitted to file his amended pleadings and his amended controverting answer in the same instrument, assigning as a reason therefor that the facts relied upon for recovery of damages as well as for jurisdiction were the same, and that the filing of separate papers covering identical matters would add costs and a large accumulation of papers. This instrument was sworn to as follows:

"On this 11th day of May, 1922, personally appeared before me the undersigned authority, Knight Stith, who, being by me duly sworn, says that the facts stated in the above petition where stated on his own knowledge are true, and where stated on information he believes to be true.

"Sworn to before me on this the date above written. W. E. McLean, County Clerk, Burnet County, Texas. [Seal.]"

A copy of this second amended petition and controverting affidavit as above sworn to was duly served upon plaintiffs in error along in the summer of 1922. The county judge did not indorse thereon the date for a hearing on the plea of privilege. On May 10, 1923, the date the case was set for trial on both the plea of privilege and on its merits, the defendant in error swore as follows to his second amended original petition and first amended controverting affidavit:

"On this the 10th day of May, 1923, personally appeared before me the undersigned authority, Knight Stith, who, being by me duly sworn, says the facts stated in the above petition are true as therein stated.
"Knight Stith.
"Sworn to before me on this the day above written. H. F Atkinson, County Clerk, Burnet County, Texas. [Seal.]"

After the instrument was thus sworn to, no service of it was had upon plaintiffs in error; nor is it shown that they had any notice of the setting of the case on May 10, 1923, on the plea of privilege; nor did the judge indorse thereon his setting of the plea of privilege. Plaintiffs in error did not appear on said date, and the court heard and overruled the plea of privilege, and rendered judgment by default for the defendant in error for the sum prayed for in his last filed pleadings; no other answer than the plea of privilege having been filed by plaintiffs in error. So soon as plaintiffs in error learned of the above judgment they applied to this court for a writ of error, and they are here now asking us to determine if the trial court obtained jurisdiction by reason of the proceedings above stated, in view of their plea of privilege, contending: First, that there had never been any controverting affidavit filed in answer to the plea of privilege; second, that the controverting affidavit was never served upon plaintiffs in error as required by the statute; nor was any notice of the hearing upon said plea of privilege given them; nor had the county judge indorsed thereon his fiat, setting the case down for a hearing upon the plea of privilege; third, that the evidence adduced was insufficient to support the controverting affidavit; and, fourth, that the instrument designated "plaintiff's second amended original petition and first amended controverting affidavit" was insufficient as a matter of law, because it was vague and did not state any legal reason why the plea should not be sustained.

We are of the opinion that plaintiffs in error's second contention must be sustained. The portion of article 1903, supra, in so far as it is here involved, reads:

"If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge or the justice of

the peace shall note on same a time for a hearing on the plea of privilege; provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing."

[1] Our courts have universally construed the meaning of this statute to be that upon the filing of a plea of privilege in the manner and form required by the statute it is then incumbent upon the plaintiff to file a controverting affidavit and introduce evidence showing the right to sue in the county where such suit is pending. Clarke v. Taylor (Tex Civ. App.) 223 S. W 878; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 370; Shear v. Neely (Tex. Civ. App.) 214 S. W. 573; Chamberlain v. Fox (Tex. Civ. App.) 54 S. W 297; Lee v. Gilchrist (Tex. Civ. App) 215 S. W. 977, First Nat. Bank v. Gates (Tex. Civ. App.) 213 S, W. 720, Ray v. Kimball (Tex, Civ App.) 207 S. W 351.

[2, 3] The only controverting affidavit served upon plaintiffs in error, in so far as the record discloses on this appeal, was that designated "plaintiff's second amended original petition and first amended controverting affidavit," as the same was sworn to on May 11, 1922; the oath being in the language above quoted. An affidavit to become such in fact must be properly sworn to, since the oath or affirmance of the facts stated in the affidavit is its principal element. In other words, until an affidavit is properly sworn to, no affidavit is made, but a mere statement of the party is made. The Texas courts, in construing statutes of similar purport to the one under discussion here, all of which require certain pleas or pleading to be sworn to or supported by an affidavit setting up the facts relied upon, etc., have held that the language used by defendant in error in his affidavit of May 11, 1922, supra, to be insufficient, and therefore no affidavit.

In the case of Smith v. Banks (Tex. Civ. App.) 152 S. W. 449, the court construed the following language used in the oath to an affidavit as insufficient, and therefore no affidavit:

"Oswald Herrmann, one of the defendants, being by me duly sworn, on oath deposes and says that the facts set out in the foregoing answer are true, to the best of his knowledge, information, or belief."

This case also lays down the following as the test to be applied in determining the sufficiency of the oath necessary to make the affidavit effective:

"The test of an affidavit, as laid down by the Commission of Appeals (Whitemore & Co. v. Wilson, 1 Posey, Unrep. Cas. 213), is that the affidavit of the facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made. The affidavit in this case will not meet that test,

for it would be impossible to prove that any certain part of the petition was sworn to upon knowledge, information, or belief, and consequently an indictment for perjury would have nothing upon which it could be predicated, with that definiteness required in criminal proceedings. The general rule is that an affidavit on mere information and belief, without supporting audavits of the informants, is not sufficient."

To the same effect are Pullen v. Baker, 41 Tex. 419; Moss v. Whitson (Tex. Civ. App.) 130 S. W. 1034; Clarey v. Hurst (Tex. Civ. App.) 136 S. W. 841.

[4] It therefore occurs to us that, until a legal controverting affidavit is filed to a plea of privilege under the provisions of article 1903, supra, the court acquires no jurisdiction to hear and determine such plea of privilege, but should obey the mandatory provisions of the statute, and transfer the case; or permit the party seeking to maintain venue to file a proper controverting affidavit.

[5] Defendant in error did, on May 10, 1923, properly swear to the controverting affidavit, as shown by his oath of that date above quoted, but no notation was made by the trial judge thereon, setting the case for hearing on the plea of privilege; nor were plaintiffs in error served with notice of such controverting affidavit and the time for hearing thereon, in the manner prescribed by said article after it was thus sworn to.

This court held, in the case of McGhee v. Maxey (Tex. Civ. App.) 230 S. W. 735, that:

"We have no doubt that this statute contemplates that the notice must be served upon the defendant or his attorney by the proper officer of the court, with a copy of the controverting plea, and notation of the judge, for the time and in the manner stated in the statute in order to constitute legal service. Perez v. Perez, 59 Tex. 322; Ins. Co, v Milliken, 64 Tex. 46; Brooks v. Elevator Co., 211 S. W. 288; Girvin v. Gulf Ref. Co., 211 S. W. 330."

For these reasons the case must be reversed and remanded.

[6] We hold that the instrument designated "plaintiff's second amended original petition and first amended controverting affidavit," as properly sworn to on May 10, 1923, now constitutes a legal controverting affidavit as required by this statute; and, since plaintiffs in error by reason of this appeal have notice of such controverting affidavit, there is no necessity of again serving them with said notice and a copy of said controverting affidavit as required by this statute. We think that plaintiffs in error's position now would be the same as a defendant against whom a default judgment had been rendered before citation had been perfected, who thereafter appears and contests the finality of the judgment, thereby making himself a party to the suit without further service.

[7, 8] We overrule plaintiffs in error's

third and fourth contention that the evidence adduced was insufficient to support the controverting affidavit, and that the instrument filed and designated "plaintiff's second amended original petition and first amended controverting affidavit" was insufficient as a matter of law because it was too vague and did not state any legal reason why the plea of privilege should not be sustained. Defendant in error instituted this suit against plaintiffs in error, seeking to recover damages for a breach of warranty of the contract for the sale of some goats to him, alleging as ground for a recovery as well as for jurisdiction that plaintiffs in error obtained $562.50, the purchase price of the goats, from him upon false and fraudulent representations made in Burnet county, Tex., as to the quality of the goats, their age, and as to the amount they would each shear in any year, which goats were delivered to defendant in error in Burnet county, Tex.; further alleging that he rejected the goats upon their arrival because they were not as warranted, and so notified plaintiffs in error, and demanded a return of his purchase money, tendering them the goats; that plaintiffs in error told him to take the goats, as the member of the firm who had sold them was not in the state and could not adjust the matter, and to care for them, and they would make good their representations, or take the goats back; all of which they later refused to do on demand. Defendant in error also sued for the pasturage of said goats while in his possession, and for the value of his services rendered in their care, and asked for foreclosure of a statutory lien upon the goats and for such pasturage; that, after plaintiffs in error's refusal to make good the representations, or to get the goats, he sold the goats, their increase, and their clip for the best price obtainable, which amount he credited in this last amended pleading to their account, and asked for judgment for the balance due on the purchase price, and for pasturage, and his services in caring for the goats. These allegations were proven beyond question by defendant in error, and we would sustain the trial court's action on the plea of privilege were it not for the fact that plaintiffs in error were given no opportunity as above stated to refute this testimony; and, if the testimony is the same upon a hearing on the plea of privilege, and the trial judge determines that plaintiffs in error do not refute the charge of fraud upon which defendant in error bases his right of venue, the plea of privilege should be overruled.

The second amended original petition and controverting affidavit states many immaterial and collateral matters which should be stricken out upon motion, but does state a sufficient cause of action for fraud perpetrated in Burnet county, Tex., so as to sustain venue.

[9] The complaint is further made that under the venue statute above quoted the filing of an amended pleading is insufficient to constitute a controverting affidavit. We do not sustain this contention. Although the statute in question provides that a controverting affidavit shall be filed, setting forth the specific facts relied upon to confer venue, our courts have held that, where a controverting affidavit refers to and adopts the allegation of facts in the petition as the allegation of facts for the controverting affidavit, it is sufficient, and we see no good reason why, where the facts for a recovery in a suit proper are the same as the facts relied upon in a controverting affidavit to confer venue, it would not be permissible for the party seeking to so confer venue to allege them in the same instrument, designating that instrument, for the purpose of notice to the contesting party, as his amended pleading and controverting affidavit; and the statute is substantially complied with where such procedure is followed. Shafer v. Swift (Tex. Civ. App.) 256 S. W. 309; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 793; Bank v. Childs (Tex. Civ. App.) 231 S. W. 808.

The case is reversed and remanded.