**ROBERTSON et al. v. ECONOMY PLUMBING CO. et al. (No. 7321.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1925.)

**Injunction ⚖══122—Verifying affidavit held insufficient as equivocal.**

Affidavit, verifying petition for injunction, alleging numerous facts, being merely "that the facts therein that are within my personal knowledge are true," etc., held insufficient, being required to be so direct and unequivocal that a charge of perjury could be based on it.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by the Economy Plumbing Company and others against A. J. Robertson and others. Plaintiffs were granted a temporary writ of injunction, and defendants appeal. Reversed, writ dissolved, and cause remanded.

U. S. Algee, Thos. Y. Banks, and Huson & Huson, all of San Antonio, for appellants. Ben H. Kelly and E. B. Cocke, both of San Antonio, for appellees.

FLY, C. J. Harry C. Martin and E. J. Rohm, doing business under the style of Economy Plumbing Company, Albert Halbardier, Hilton T. Howell, and Otto J. Locloff, the appellees herein, instituted an action against A. J. Robertson, Frank S. Huson, Byron J. Nankervis, Hobart Huson, Edward Snyder, and G. H. Nagel, alleging that Snyder and Nagel were indebted to Albert Halbardier in the sum of $125, to Hilton T. Howell in the sum of $340, to Martin and Rohm in the sum of $355.55, and to Locloff in the sum of $200, and that appellees have a lien on certain real estate which appellants have advertised for sale through Frank S. Huson as trustee, and will thereby prevent the collection of appellees' debts. It is unnecessary to enter into the voluminous details upon which appellees base an application to appoint a receiver of the properties and administer the same, and prayed for an injunction to restrain the sale of the property. The court set down the cause for a hearing as to granting a receiver, giving notice of the same and issued a temporary writ of injunction to restrain the sale of the property. From that order A. J. Robertson, Frank S. Huson, and Hobart Huson prosecuted this appeal, and out of the action of the court have formulated for presentation in this court 27 assignments, to show that the temporary writ of injunction should not have been granted.

The affidavit in verification of the petition is to the effect that—

"The facts therein alleged that are within my personal knowledge are true, and those alleged on information and belief, and that are not within my personal knowledge, I verily believe to be true."

The affidavit fails to show which of the facts alleged are within his knowledge, and consequently it is impossible to identify such facts. Had affiant sworn that all the facts alleged in the petition as being true that he swore to their truth, it would present a different case. The test of such affidavit is that it "must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made." How could a charge of perjury be based on an affidavit that "the facts therein alleged that are within my personal knowledge are true?" What facts, of the numerous ones alleged, were within the personal knowledge of the affiant? The affidavit does not reveal them. Smith v. Banks (Tex. Civ. App.) 152 S. W. 449, writ of error denied; White v. Ferris (Tex. Civ. App.) 186 S. W. 367; Southern Oil & Gas Co. v. Mexia Oil & Gas Co. (Tex. Civ. App.) 186 S. W. 446; Lingwiler v. Lingwiler (Tex. Civ. App.) 204 S. W. 785; Butler v. Remington (Tex. Civ. App.) 230 S. W. 224; Johnson v. Mooney (Tex. Civ. App.) 241 S. W. 308.

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The remaining assignments need not be considered, and the judgment will be reversed, the temporary writ dissolved, and the cause remanded.