## ROGERS et ux. v. ALEXANDER et al.
### (No. 9880.)

(Court of Civil Appeals of Texas. Dallas. Nov. 15, 1926. Rehearing Denied Jan. 8, 1927.)

1. Pleading ⊚⟹111—Plea controverting plea of privilege held to show trespass authorizing suit in county where committed or that of defendants' residence (Rev. St. 1925, art. 1995, subd. 9).

Allegations of plea controverting plea of privilege held sufficient to show that foundation of suit was a trespass, on which plaintiffs were authorized to sue either in county where it was committed or in county of defendants' residence, under Rev. St. 1925, art. 1995, subd. 9.

2. Pleading ⊚⟹301(1)—Jurat held not to show legal verification of plea controverting plea of privilege.

Jurat, in form of single acknowledgment, attached to plea controverting plea of privilege, and duly attested by notary public, held not to show that controverting plea was sworn to as required by law.

3. Pleading ⊚⟹422—Defendants waived affidavit to plea controverting plea of privilege by not objecting.

Where jurat, in form of single acknowledgment of plea controverting plea of privilege, was made by officer authorized by law to administer oaths, thus showing effort to comply with law, defendants waived required affidavit by failure to object and acquiescing in hearing on controverting plea.

4. Pleading ⊚⟹290(3)—Plea of privilege, on which court must change venue without further proof, though not controverted, must be properly sworn to.

Plea of privilege, unlike controverting plea, is of probative effect; in that court must act thereon and change the venue without further proof, though not controverted, and hence must be properly sworn.

5. Pleading ⊚⟹111—Plea controverting plea of privilege creates new issue, casting burden of proof on plaintiff.

Plea controverting plea of privilege only creates a new issue, casting burden on plaintiff to show exception to defendant's right to be sued in county of his residence and plaintiff's right to maintain suit in county in which filed.

6. Pleading ⊚⟹36(1)—Recitals of original petition, incorporated in plea controverting plea of privilege, are only evidence of cause of action; statements in neither plea being evidence of facts alleged.

On trial of issue presented by plea controverting plea of privilege, statements of neither plea are evidence of any facts alleged therein, and recitals of original petition, made part of controverting plea by reference, are only evidence of cause of action alleged.

7. Appeal and error ⊚⟹1043(8)—Court's acceptance of petition, incorporated in controverting plea as evidence of facts alleged, held error, requiring reversal of judgment overruling plea of privilege.

Trial court's acceptance of original petition, incorporated by reference in plea controverting plea of privilege, as evidence of commission of trespass by defendants against plaintiff, held error, requiring reversal of judgment overruling plea of privilege.

8. Pleading ⊚⟹422—Failure to properly swear to petition incorporated in plea controverting plea of privilege held waived by failure to properly swear to controverting plea.

Petition made part of plea controverting plea of privilege, being sworn to same extent as allegations in body of controverting plea, effect of defendants' waiver of failure to properly swear to such plea extends to petition.

Appeal from District Court, Delta County; J. M. Wilson, Judge.

Action by James Alexander, a minor, by his next friend, and others, against A. N. Rogers and wife. From a judgment overruling defendants' plea of privilege, they appeal. Reversed and remanded.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellants.

VAUGHAN, J. [1] On May 25, 1926, the appellees James Alexander, W. W. Alexander, and Mrs. Lou Alexander filed this suit in the court below against appellants A. R. Rogers and Florence Rogers, citizens of Dallas county, Texas. Appellees sought to recover damages alleged to have resulted from an automobile accident, in which James Alexander, minor son of the other appellees, was injured. Appellants duly filed their plea of privilege on June 4, 1926, in compliance with article 2007 of the Revised Civil Statutes of Texas for 1925, which if not controverted, would have required the trial court to transfer the cause to a district court of Dallas county, the county of appellants' residence.

Appellees controverted said plea of privilege by an instrument filed June 8, 1926, in which appellees allege that on the 12th day of January, 1926, they resided in Cooper, Delta county, Tex.; that on said date James Alexander was negligently run over and injured by appellants' agent and employé, who was driving and operating an automobile at a rapid and dangerous rate of speed, and in a highly reckless and negligent manner, in violation of the ordinances of the city of Cooper and the laws of the state of Texas; that, "at the time the said James Alexander was run over and injured by the defendants, their agent and employé, the said James Alexander, was in a street in the town of Cooper, Tex., in full view of the driver of the car at the time he was injured, and was on a straight street, and that the driver of the car could have, by using ordinary care, prevented the injury, but that the defendants, their agent, and employé were operating the car at an unusual rate of speed, and in a careless and negligent manner, and failed to keep a watchout for persons along the streets, and that, as a direct and proximate result of the negligence of the defendants, the said James Alexander was injured. The cause of action filed in this case is founded upon the negligence of the defendant, and they were recklessly driving said automobile which caused the injury to the said James Alexander. That the allegations set out in said petition are here referred to and made a part of this controverting plea." The foregoing is sufficient to show that the foundation of the suit is a trespass for which a civil action for damages may lie; therefore, under the law, if such trespass was in fact committed, the appellees were authorized to file suit thereon in the county where such trespass was committed, or in the county of appellants' residence. Article 1995, subd. 9, R. C. S. 1925.

[2] The jurat attached to the controverting plea is in the form of a single acknowledgment, required by law to a deed of conveyance, duly attested by a notary public authorized to administer oaths; therefore not shown by said jurat to have been sworn to as required by law.

Said plea of privilege was duly heard and overruled on the 22d day of June, 1926; the reasons for the judgment entered thereon being stated in the judgment of the court, as follows:

"* * * The controverting affidavit filed by the plaintiff, and in addition thereto the plea of privilege having been introduced into evidence, and the original petition of the plaintiffs having been introduced in evidence before the court, the court is of the opinion that the law is with the plaintiffs, and that the said plea of privilege ought to be overruled."

[3-5] No evidence other than the plea of privilege, contest, and appellees' petition was introduced on the hearing of said plea. The defect in the controverting plea, as shown by the jurat of the officer attached thereto, was not called to the attention of the court by any objection of appellants thereto, but the hearing was had thereon as if same had been duly sworn to. This, we think, was sufficient to waive the affidavit required by law to the controverting plea. The jurat was made by an officer authorized under the law to administer oaths, which shows an effort on the part of the appellees to comply with the law, and it is but reasonable to assume that, if timely objection had been made to the controverting plea on account of the failure of appellees to make proper oath thereto, this error would have been corrected. Appellants having been content for the issue thus made to be heard, though imperfectly presented by the controverting instrument, we think waived this defect, apparent on the face of the instrument, and therefore are not now in position to question the sufficiency of same. A different rule applies to a plea of privilege, as that is of probative effect, in that, without being controverted, the court is required to act thereon, and without further proof change the venue of the suit. Therefore a plea of privilege not properly sworn to would not authorize a court to change the venue, as such an instrument would be without any probative force. On the other hand, the controverting plea to a plea of privilege only creates an issue that did not theretofore exist, on which the burden of proof rests upon the party filing the controverting plea to show the existence of the exception to the right of the defendant to be sued in the county of his residence, and the right to maintain the suit in the county filed. The controverting plea of itself does not produce a change in the rights of the parties, for, to become effective, same must be followed by the introduction of proof on the issue raised by the filing of the controverting plea to the plea of privilege. Allen v. Williams (Tex. Civ. App.) 248 S. W. 1116.

[6-8] Appellees' original petition was by proper reference made a part of said controverting plea. On the trial of this issue neither the statements contained in the plea nor the statements of the controverting plea were evidence of any of the facts therein alleged. The recitals of the original petition were only evidence of the cause of action alleged, and could not be accepted as evidence establishing that a trespass had been committed by appellants against appellee James Alexander, in Delta county, Tex. However, it is apparent that the trial judge did accept said petition as evidence establishing the above material facts and acted thereon in rendering the judgment appealed from. This was error (Meadows & Co., Inc., v. Turner [Tex. Civ. App.] 270 S. W. 899), for which the judgment must be reversed, but should the cause be remanded or judgment rendered for appellants?

Appellees' petition, made a part of their controverting plea, which they attempted to swear to, was by said attempt sworn to to the same extent as the allegations contained in the body of that instrument. Therefore the effect of appellants' waiver of appellees' failure to properly swear to said instrument extends to said petition as if same in hæc verba was included therein. So treated, the allegations of said petition present, as a matter of record, the existence of evidence available to appellees to establish material facts not established on the hearing of said plea of privilege, viz. the commission of a trespass against said appellee James Alexander by appellants'; second, the county in which said trespass was committed. In view of this situation, we think that the ends of justice will be best subserved by remanding the cause than by rendering it. We appreciate the fact that the right secured by law to a defendant, who is an inhabitant of this state, to be sued in the county of his domicile, is a valuable one. Likewise we believe that the right secured to a plaintiff, where there is an exception to exclusive venue, to institute suit in the county authorized by such exception, is equally valuable, and therefore said rights, secured respectively to plaintiff and defendant, stand before the law of equal dignity, and it is no disregard of the law governing either to so treat the rights secured by our venue statute.

We are of the opinion that this cause should be reversed and remanded for further proceedings on the issue raised by said plea of privilege and contest in accordance with this opinion, and it is so ordered.

Reversed and remanded.