**FINKELSTEIN v. M. H. REED & CO.**
(No. 7321.)

Court of Civil Appeals of Texas. Austin.
Feb. 27, 1929.

E. R. Pedigo, of Austin, and H. A. Cline, of El Paso, for appellant.

Pauline R. Frank, of Austin, for appellee.

BAUGH, J. This is an appeal from an order of the county court of Travis county, Texas, overruling appellant's plea of privilege to be sued in Wharton county, the place of his residence.

The plaintiff's original petition discloses a suit upon an open account, duly verified as provided by law. Appellant seasonably filed his plea of privilege. Appellee, plaintiff below, and a partnership, filed what it designated a controverting affidavit, which appears to be more in the nature of a verified denial of that plea than a statement of the facts relied upon to sustain venue in Travis county. The jurat thereto reads:

"State of Texas, County of Travis.

"Before me, the undersigned authority, on this day personally appeared G. E. Bryson, a

member of the partnership of M. H. Reed & Company, and states upon oath that the above statement is true and correct, to the best of his knowlege and belief."

After a hearing upon the plea of privilege, the county court overruled same on the ground that the account sued upon arose out of a contract in writing, performable in Travis county.

■■■ Appellant attacks the sufficiency of the controverting affidavit on several grounds some of which, at least, we think are well taken. It is now well settled that under article 2007, R. S. 1925, when a plea of privilege is filed, the burden rests upon the plaintiff both to plead and prove "specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending," and such controverting affidavit must be duly signed and properly verified. In this case the controverting affidavit fails entirely to set out the fact or facts, or specify the character of contract relied upon by the plaintiff to maintain venue in Travis county. It did state that said account was based upon a contract in writing, but nowhere states where such contract was to be performed. The affidavit, if it could be considered as such, is merely that the statements contained in the controverting plea are true according to the knowledge and belief of the party making it. This form of affidavit has frequently been condemned by the courts. See Witt & Sons v. Stith (Tex. Civ. App.) 265 S. W. 1076, and authorities there cited.

■■■ We have also concluded that under appellee's own evidence on said hearing the appellee wholly failed to show such contract performable in Travis county as would fix venue in that county. The facts shown were that appellee M. H. Reed & Co. had bought during January and February 1927, numerous shipments of cotton from appellant. These purchases were effected through long distance telephone conversations between them. The cotton was located at El Campo, in Wharton county, was delivered to appellee at that point, who paid the freight on it to Galveston. Tex.; where it was weighed and graded by the agents of appellee. Destination weights and grades were to determine the amount appellant was to be paid. When the cotton was loaded at El Campo, appellant drew drafts on appellee at Austin, with bills of lading attached, which drafts were purchased from appellant by the bank at El Campo. The amounts of these drafts were fixed by appellant's weights and grades at El Campo, subject to adjustments of any differences between those' weights and grades and the weights and grades as determined by appellee's agents upon arrival of the cotton at Galveston. If, upon arrival at Galveston, the weight and grade there showed a difference in appellant's favor, the appellee credited appellant on its books at Austin with this difference. If, on the other hand, the difference between the grades and weights at the two points showed a shortage between the amount for which appellant drew his draft and the amount to which he was entitled under the Galveston weights and grades, appellee charged appellant with that difference. The amounts here sued for were such items of difference in favor of appellee covering some eight or ten shipments.

Appellee's witness testified that the cotton belonged to appellee from the time it was loaded on the cars at El Campo, that each party simply trusted the other to pay the difference in his respective favor, and that there was nothing said as to where such difference should be paid. At most this merely amounts to an implied contract or an understanding between the parties, made orally, to adjust the differences in favor of whichever party the Galveston weights and grades showed was entitled to it. It is not contended that this was in writing. No part of the cotton was to be shipped to Travis county. The account shows upon its face, as does the evidence introduced, that the suit was not upon the drafts, nor for any breach of contract, but merely for a shortage in weights and grades resulting from the differences between such weights and grades of the appellant at El Campo and those of appellee at Galveston. Under such undisputed facts, therefore, the appellee wholly failed to show any contract in writing, performable in Travis county. And even had appellant agreed in such oral contract to pay the difference in Austin, such a contract is not sufficient to maintain venue in Travis county as against a plea of privilege. The statute expressly provides, in order to maintain venue outside of the county of defendant's residence, the contract declared upon must be in writing.

The order of the trial court is therefore set aside, and the cause remanded, with instructions to said court to transfer this cause to the county court of Wharton county, in accordance with appellant's plea of privilege.

Reversed and remanded, with instructions.