## THOMPSON v. TRENTHAM et al.
### (No. 7355.)

Court of Civil Appeals of Texas. Austin.
May 1, 1929.

Terrell & Miller, of Dallas, for appellant.

BAUGH, J. Appeal from the order of the district court of Dallas county sustaining pleas of privilege of appellees, defendants below, to be sued in Ellis county, where four of them resided. Only one defendant resided in Dallas county. Appellant duly filed his controverting plea to their pleas of privilege, which was set down for hearing. On the hearing thereon the only evidence introduced related entirely to the places of residence of the respective defendants.

It is now well settled that, when a plea of privilege is filed, it is incumbent upon the plaintiff in his controverting plea both to allege and prove facts supporting venue in the county in which he has filed his suit. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Goad Motor Co. v. Yantis (Tex. Civ. App.) 4 S.W.(2d) 282; Finkelstein v. Reed & Co. (Tex. Civ. App.) 15 S.W.(2d) 110. And where several defendants are sued jointly, it is incumbent upon the plaintiff to show in such hearing that such defendants are at least jointly and severally liable. Harrison v. Amador (Tex. Civ. App.) 9 S.W.(2d) 279. The statement of facts brought up with this record contains no proof whatever showing a cause of action maintainable in Dallas county. The plaintiff's original petition was not sworn to, nor offered in evidence in the hearing upon the pleas of privilege, and, even if it had been, it would not in itself have been any proof. Under such circumstances the only order the trial court could have entered was to transfer the case to the district court of Ellis county.

The judgment of the trial court is therefore affirmed.

Affirmed.