## NATIONAL RAILWAYS OF MEXICO v. ESCONTRIAS. (No. 2309.)

Court of Civil Appeals of Texas. El Paso. June 13, 1929.

Rehearing Denied July 8, 1929.

Knollenberg & Cameron and Harris Walthall, all of El Paso, for appellant.

Davis, Tittmann, Roche & Miranda, of El Paso, for appellee.

PELPHREY, C. J. This case, as it was finally submitted to the jury, was a suit by appellee against appellant for wages and expenses from June 1, 1914, up to and including March 31, 1915.

The following letter was the basis of the suit:

"Ferrocorilles Nacionales De Mexico
"Ferrocarril Interoceanico De Mexico
"Ferrocarril De Veracruz Al Istmo
"Cia Del Ferrocorril Pan-Americano.
"A. A. Escontrias. Al contestar sirvase
"Agente de Boletos y Pasajeros citar el num.
"El Paso, Texas, July 30th, 1915.

"Mr. C. R. Hudson, Natl. Rys. of Mexico. El Paso, Texas. Dear Sir: We agreed this A. M., that·as I never received the notice relieving me from service, that I would accept such notice as of March 31st, 1915. That I will await for my pay until the National Railways of Mexico is again in possession of its Railways and earning revenue. Pay is due me at the rate of One Hundred ($100.00) Dollars .U. S. Cy., per month from June 1st, 1914, up to and including March 31, 1915.

"There is also due me small office expenses I paid out covering the months from May 1914 to April 1st, 1915, approximately $5.00 U. S. Cy., per month. I sent statements to Mexico but will send you the duplicates to New York.

"It is agreed between us today that these amounts will also be paid to me when the back salary is paid."

This letter was alleged to have been signed by appellee and by C. R. Hudson as vice president, National Railways of Mexico.

Appellant answered by general demurrer, special exceptions, by special answers that appellee's cause of action was barred by the two-year statute of limitation; that the letter was not executed by any person authorized to execute same for and on behalf of appellant, and that such action had not been ratified or confirmed by it; that there was a failure of consideration, and said agreement was not based upon a valid consideration, and by a general denial.

Appellant further denied that C. R. Hudson was the vice president and manager of said National Railways of Mexico at the time of the execution of the contract alleged, but alleged that on said date the said C. R. Hudson was the assistant secretary of said ·company, and that under said company's by-laws he had no authority, as said assistant secretary, to make the agreement alleged, which fact was well known to appellee, or could have been ascertained by him by the use of ordinary care and prudence. Appellee, by supplemental petition, alleged that, if in fact C. R. Hudson was not vice president and manager of appellant, he continued to be such throughout the times mentioned in appellee's petition, and that, if he resigned, his resignation did not become effective until after said time; that appellee had no notice of the resignation of the said Hudson as vice president; and that, it being a custom of appellant to notify its agents of the resignation of its officers, appellant was estopped to deny the authority of Hudson to make the agreement sued upon.

The following were submitted to the jury:

"Question No. 1: Do you find from a preponderance of the evidence that C. R. Hudson signed and delivered ·the original of the instrument in writing herein, a copy of which is introduced as Exhibit "A", as the act and for the defendant, National Railways of Mexico?

"Question No. 2: Do you find from a preponderance of the evidence that the signing and delivering of the same was within the actual scope of the authority of the said C. R. Hudson?"

The jury having answered both issues in the affirmative, the court rendered judgment in favor of appellee and against appellant for $1,241.65. From such judgment this appeal has been perfected.

Opinion.

The five propositions upon which appellant seeks a reversal are: (1) That the plea of non est factum filed by appellant placed the burden on appellee to prove Hudson's authority to bind appellant; (2) that persons dealing with an agent of limited authority cannot complain; (3) that appellee was chargeable with knowledge of the limitation placed upon Hudson's powers by the by-laws of appellant; (4) that, there being no substantial evidence to support questions Nos. 1 and 2, their submission was error; and (5) that a verdict should have been instructed for appellant. As will be seen, the practical effect of all the above propositions is that appellee did not, under the facts of the case, sufficiently discharge the burden upon him to show that Hudson had authority to bind appellant.

The testimony of appellee was to the effect that Hudson signed the letter upon which he bases his right of action, as vice president of appellant, and that Mr. Hudson was, during the time of his employment, the vice president and general manager of appellant company.

■ The testimony of Waters Davis and C. D. Miller also show that Hudson occupied the position of vice president and general manager. Under article 2010, Revised Statutes 1925, subd. 8, a person wishing to deny the execution by his authority of an instrument in writing must do so under oath.

In the present case, the affidavit of J. G. Hernandes to the plea of want of authority is made on "information and belief," which has been held not to raise the issue. Gregg v. Texas Bank & Trust Co. (Tex. Civ. App.) 235 S. W. 689, error refused; Boyajian Bros. v. Reinheimer (Mo. Sup.) 250 S. W. 364.

■■ It has also been held that such a plea not properly verified is a nullity. Drew v. Harrison, 12 Tex. 279; Thomason v. Berry (Tex. Com. App.) 276 S. W. 185, and, as said by the Commission of Appeals in the latter case:

"The answer of these defendants was in effect a plea of non est factum, but, as stated, lacked the verification required by statute. It would seem that in this state of the pleading the trial court was not authorized to hear evidence or to submit any issue tending to excuse the defendants Berry and Henson from individual liability."

And further: "But, if the plea itself was a nullity, no exception was required, and it is well settled that evidence admitted without pleadings to support it cannot form the basis of a judgment."

■ Applying the rule there laid down to the present case, the evidence introduced by appellant was not supported by any pleading, and could not form the basis of a judgment for appellants.

Therefore the verdict of the jury was amply supported by the evidence properly before them, and the judgment based thereon should be affirmed.

We think the above discussion disposes of the questions presented, and, in accordance with our opinion as above stated, the judgment will be affirmed.