## COLONIAL BUILDING & LOAN ASS'N v. MEYER.

### No. 3792.

Court of Civil Appeals of Texas. Amarillo.
April 13, 1932.

Berry, Warlick & Gossett, of Vernon, for appellant.

Marvin C. Culbertson, of Vernon, for appellee.

HALL, C. J.

On May 1, 1928, appellee Meyer and wife purchased 100 shares of stock in the appellant loan association, which it appears is a Utah corporation. It is stated in the application how payment for the stock should be made, and further: "It is agreed that I have a withdrawal privilege at any time after eighteen months from date hereof, if eighteen installments have been paid thereon in the way and manner provided in pass book and the conditions on the back of the application."

After seven monthly installments of $35 each had been paid, and after the lapse of sixteen months from the date of the applica-tion to purchase, at a time when the Meyers were nine months in arrears with their payments, he wrote the defendant corporation in Ogden, Utah, that he was dissatisfied with his contract and wished to withdraw the money he had paid in, aggregating $245. The defendant replied, reminding him that his certificate and contract had no withdrawal value whatever until eighteen installments had been paid upon it. Plaintiff's wife is not a party to the suit. The original petition was stricken upon plea in abatement, and in July, 1931, he filed his first amended petition, alleging that an agent of the defendant corporation had "represented to him that at any time he became dissatisfied, he could receive his money he had paid under such contract, less a small withdrawal charge."

Defendant filed a supplemental answer, which consists of a general demurrer and general denial, and further alleged that the subscription contract had no withdrawal value at that time and would not have until eighteen monthly installments had been paid thereon.

The court overruled the defendant's general demurrer. The case was submitted to a jury upon five special issues. Based upon the verdict, judgment was entered in plaintiff's favor for the sum of $245, from which judgment this appeal is prosecuted.

The foregoing statement is gathered from the appellant's brief. The appellee has not favored us with a brief, and, according to the information before us, appellee's counsel has the transcript and the statement of facts. Notwithstanding the submission of the case last Wednesday and repeated requests to appellee's counsel during the last five days, the record has not been returned to this court. This is a violation of the rules and we would be justified in citing appellee's counsel for contempt.

Since appellant has briefed the case, under the authority of Patterson v. Sylvan Beach Co. (Tex. Civ. App.) 171 S. W. 515, we will decide the propositions urged in appellant's brief and assume that appellant has correctly reflected the record.

The first contention to be considered relates to the plaintiff's petition. Appellant states that it is impossible to determine whether plaintiff has sued for damages because of fraud or whether he sues for specific performance of the contract or for its rescission. That his allegations do not set out the terms of the contract nor the breach thereof nor any facts from which his damages can be measured. That he appears to be relying upon the oral agreement of a purported agent, without alleging the name of the agent or what the agent may have said. That there are no allegations as to the time of the representations made by the purported agent or that she

acted within the real or apparent scope of her authority. The allegation of the petition is that plaintiff became dissatisfied with his contract, but does not allege the ground of his dissatisfaction. Assuming these objections to be true, the court should have sustained the general demurrer.

According to appellant's statement, the suit is based on a plain application, in writing, for the purchase of 100 shares of stock. Plaintiff could not avoid liability nor set aside the contract because of fraud in matters of inducement without setting up some equitable ground, such as fraud, accident, or mistake. This is fundamental and citation of authority is unnecessary.

That a special agent of a corporation cannot by parol contemporaneous agreement change the terms of a written contract in behalf of the principal, and that parol evidence to prove any such agreement is inadmissible, in the absence of an allegation of some equitable ground, are also fundamental propositions.

The court further erred in submitting to the jury the issue if the purchase of the stock had been made upon a verbal representation to plaintiff by a special agent of the defendant prior to the execution of said written contract. Under the pleadings as set out by appellant, this is also reversible error.

The court further erred in submitting an issue asking whether plaintiff purchased the stock upon the verbal representation of defendant's purported agent and in failing to set forth the alleged verbal representation.

The court further erred in asking the jury if the stock was purchased under a written contract. The contract itself was introduced in evidence without objection, and no finding was necessary. Plaintiff alleged that he had paid to defendant $245 and was entitled to recover such sum, less a small withdrawal charge, but did not allege the amount of such charge or what it should be, and the court erred in asking the jury what amount of money plaintiff was entitled to have refunded because there was no evidence upon which the jury could have answered such question without guessing.

The testimony showed that the plaintiff's wife owned an interest in the stock as her separate property, and appellant contends that she was a necessary party to the suit. This proposition is overruled, because R. S. art. 1983 expressly authorizes the husband to sue either alone or jointly with his wife for the recovery of her separate property.

The court submitted an issue inquiring as to the authority of the purported special agent to make the representations claimed by plaintiff and this interrogatory was not answered. Without an answer the court was not authorized to render judgment because the liability of the appellant for the representations could not be assumed by the trial judge.

Aside from the brief references hereinbefore quoted from the appellant's brief, we do not know what facts were found by the jury, but under the record as presented in the appellant's brief, the court should have directed a verdict for the appellant.

Appellant prays that the judgment be rendered for it in this court. We think, since the trial judge erroneously overruled the general demurrer to the petition, the plaintiff is entitled to amend if he so desires. Hankins v. Minchew (Tex. Com. App.) 285 S. W. 264; Rose v. Turner (Tex. Civ. App.) 16 S.W.(2d) 433; Hayden v. Kirby, 31 Tex. Civ. App. 441, 72 S. W. 198; Pate v. Wilson Bros. Merc. Co., (Tex. Civ. App.) 208 S. W. 235.

Reversed and remanded.