## BLEDSOE v. MACK.

### No. 9851.

Court of Civil Appeals of Texas. Galveston.

Feb. 21, 1933.

W. J. Durham, of Sherman, for appellant.

LANE, Justice.

On the 11th day of April, 1932, Perry C. Mack filed in the Sixty-First district court of Harris county, Tex., his petition praying for the issuance of a temporary injunction restraining W. F. Bledsoe and others from doing certain enumerated acts, not necessary to be here mentioned.

The court granted the temporary injunction prayed for upon the allegations of the petition without a hearing.

The petition was signed by the applicant. The affidavit attached to the petition is as follows:

"The State of Texas, County of Harris.

"Before me, the undersigned authorities, on this day personally appeared Perry Mack, who being by me first duly sworn, says that he is the Deputy Grand Master of the Grand Lodge, United Brothers of Friendship of Texas, and is the plaintiff in the above suit, and that matters stated in the foregoing suit are true and correct according to the best of his knowledge and belief.

"April 11, 1932.

"Lilael D. Ewing, Notary Public in and for Harris County, Texas."

On the 28th day of April, 1932, W. F. Bledsoe filed his supersedeas bond in the sum of $1,500, as fixed by the court and approved by the clerk of the court, thus perfecting his appeal to this court.

The temporary injunction was suspended by order of the court pending appeal.

For reversal of the judgment, appellant contends that the affidavit attached to the petition was not such as is required by the law; that it is not a verification of any fact or facts alleged in the petition; therefore the court erred in granting the temporary injunction on such petition.

Appellant's contention is supported by an unbroken line of decisions of our state courts.

In City of Arlington v. Dallas-Fort Worth Safety Coach Co. (Tex. Civ. App.) 270 S. W. 1094, 1095, the affidavit to an application for a temporary writ of injunction was practically the same as the one in the present case. In that case the court, in speaking of the phrase "verified by his affidavit," as used in article 4649, Revised Civil Statutes (now Rev. St. 1925, art. 4647), said:

" 'Verified by his affidavit,' as used in the above statute, means proved to be true or correct; to establish the truth of; confirmed. 4 Words & Phrases (Second Series) pages 1152, 1153. It has been held that the verification must be direct and in such positive terms as would sustain a charge of perjury or false swearing, if the verification should prove to be false, and the affidavit must show to have been made on the personal knowledge of the affiant as to the truth of the allegations verified. Verification on information and belief is held to be insufficient (Forest Oil Co. v. Wilson [Tex. Civ. App.] 178 S. W. 626; Graham v. McCarty, 69 Tex. 324, 7 S. W. 342; So. Oil & Gas Co. v. Mexia Oil & Gas Co. [Tex. Civ. App.] 186 S. W. 446, and numerous other cases), nor is an affidavit that the allegations sought to be verified are true and correct 'to the best of my knowledge and belief' sufficient. Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101; Lane et al. v. Jones (Tex. Civ. App.) 167 S. W. 177; Moss v. Whitson (Tex. Civ. App.) 130 S. W. 1034. A defect in the verification of an application for a temporary injunction, and on an ex parte hearing, may be raised for the first time in the Courts of Civil Appeals. White v. Ferris (Tex. Civ. App.) 186 S. W. 367; Butler v. Remington (Tex. Civ. App.) 230 S. W. 224. The defect is not waived by a failure to call the trial court's attention thereto in this character of a proceeding."

To a like import are the following cases not cited in the opinion mentioned: Robertson v. Economy Plumbing Co. (Tex. Civ. App.) 269 S. W. 481; Gray v. S. T. Woodring Lumber Co. (Tex. Civ. App.) 197 S. W. 231; Wilkinson v. Lyon (Tex. Civ. App.) 207 S. W. 638; Wilkening v. Wolff (Tex. Civ. App.) 220 S. W. 598; West Texas Abstract & Guaranty Co. v. Stolte (Tex. Civ. App.) 256 S. W. 632.

By article 25, Revised Civil Statutes of 1925, it is provided: "All oaths and affirmations shall be administered in the mode most binding upon the conscience of the individual taking same and shall be subject to the pains and penalties of perjury."

For the reason pointed out, the judgment granting the temporary injunction is reversed, and the cause remanded.

Reversed and remanded.