## FIRST NAT. BANK v. JAGGERS.
### No. 4126.

Court of Civil Appeals of Texas. Amarillo.
Jan. 15, 1934.

Rehearing Denied Feb. 12, 1934.

Robt. A. Sowder, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

.HALL, Chief Justice.

The appellee, Jaggers, sued the appellant bank in the county court of Cochran county, to recover $200 with interest thereon, alleging that it was the agreed value of two horses and other personal property which he had sold to J. J. May at the special instance and request of the bank and on its express promise to pay said sum.

The petition alleges that Jaggers is a resident citizen of Cochran county and that the bank is a resident of Hockley county. ·

The bank filed its plea of privilege to be sued in Hockley county. Jaggers in due time filed a controverting affidavit. No question is raised as to the sufficiency of the plea of privilege or of the controverting affidavit, except as to the verification of the latter. The controverting affidavit is verified by one of appellee's counsel in the following language: "W. W. Campbell, being duly sworn by the undersigned authority, deposes and says the foregoing allegations of fact are true and correct. He is an attorney of record for the plaintiff in said cause, has investigated the facts alleged and is conversant therewith and verifies such facts as true and correct according to his information and belief, which he verily believes to be true."

The bank moved to strike the controverting affidavit because: "The verification of W. W. Campbell is upon information and belief, which affiant states he believes to be true and not verified as to existing facts as required by law." The court overruled the motion.

The case was tried upon its merits, and the action of the court in overruling the motion to strike the controverting plea is the first error urged.

■ The test of the sufficiency of an affidavit to a pleading filed under R. S. arts. 2007 and 2010, is that the affidavit of the facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie if the oath is falsely made. Many authorities in this state have held that an affidavit in which the affiant states that the facts are true to the best of his information and belief is wholly insufficient, and as said in E. L. Witt & Sons v. Stith (Tex. Civ. App.) 265 S. W. 1076, 1078: "The court acquires no jurisdiction to hear and determine such plea of privilege [until a legal controverting affidavit is filed], but should obey the mandatory provisions of the statute, and transfer the case; or permit the party seeking to maintain venue to file a proper controverting affidavit."

■ That the verification of the controverting affidavit in this case is wholly insufficient to give the court jurisdiction to hear evidence upon any issue is too well settled to require further discussion. Graham v. McCarty, 69 Tex. 323, 7 S. W. 342; Bledsoe v. Mack (Tex.

Civ. App.) 57 S.W.(2d) 869, and authorities therein cited, and this case announces the rule that a defect in the verification of an application for a temporary injunction may be raised for the first time in the Court of Civil Appeals. Rogers et ux. v. Alexander et al. (Tex. Civ. App.) 289 S. W. 1070; Johnson v. Ferguson (Tex. Civ. App.) 55 S.W.(2d) 153; National Rys. of Mexico v. Escontrias (Tex. Civ. App.) 19 S.W.(2d) 75; St. Paul Fire & Marine Ins. Co. v. Earnest (Tex. Civ. App.) 293 S. W. 677; Smith v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147; Finkelstein v. M. H. Reed & Co. (Tex. Civ. App.) 15 S.W.(2d) 110, 111; American Mortgage Corp. v. Smith (Tex. Civ. App.) 35 S.W.(2d) 1092.

Because the court erred in overruling the motion to strike the controverting affidavit, the judgment is reversed, and the cause remanded in order that plaintiff, if he so desires, may amend his affidavit. Should he refuse to amend, it is the duty of the court to forthwith sustain the plea of privilege and transfer the case.

It is ordered that the clerk of this court detach the original exhibits from the statement of facts and return them with the mandate to the clerk of the trial court.

Reversed and remanded.

On Motion for Rehearing and to Certify.

The appellant bank has filed a motion for rehearing and requested that the opinion and order of this court reversing the judgment be so modified as to transfer the case to the county court of Hockley county.

It has also filed a motion to certify in the event the motion for rehearing is overruled.

After a careful review of the record, we are convinced that we have properly disposed of the case.

The appellant insists that in reversing the judgment we are in conflict with the holding in Gorbett v. Berryman & Watters (Tex. Civ. App.) 7 S.W.(2d) 100. In that case the plea of privilege was filed which did not show sufficiently that the defendant was not a resident of Cherokee County at the time the suit was filed. A controverting affidavit was also filed. No exceptions were urged to the insufficiency of the plea. The trial court overruled the plea of privilege and this judgment was affirmed. Based upon this holding, the bank insists that we should modify the judgment in this case. The two cases do not conflict in any particular. In the Gorbett Case, there was no exception to the insufficiency of the plea. If such exception had been made and sustained and the defendant had refused to amend, then, of course, it would have been the duty of the appellate court to affirm the judgment or, if exceptions to the plea had been filed and overruled and, relying upon the correctness of the court's ruling, the defendant did not amend and upon appeal it was held that the court erred in overruling the plea, then the practice is to remand the case in order that the defendant may have the right to amend his pleading. This is the course we have pursued in this case, and we are sustained by innumerable authorities. In Terrell v. General Motors Acceptance Corporation, 59 S.W.(2d) 442, 443 (writ of error refused), this court said: "When the [trial] court erroneously overrules a general demurrer to an answer instead of sustaining it and defendant, relying upon the court's ruling as to the sufficiency of his answer, is misled to his prejudice, he is entitled to have the case reversed in order that he may amend. Colonial Bldg. & Loan Ass'n v. Meyer (Tex. Civ. App.) 48 S.W.(2d) 729, and authorities cited." See, also, Austin v. Fields (Tex. Civ. App.) 300 S. W. 247; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; 3 Tex. Jur. § 858.

Both motions are overruled.