## JACKSON et al. v. RICORD.

### No. 11015.

Court of Civil Appeals of Texas. San Antonio.

June 11, 1941.

Rehearing Denied July 2, 1941.

Joe Burkett, of San Antonio, and Joe Burkett, Jr., of Kerrville, for appellants.

Fred Felty and John Peace, Jr., both of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. When the question of privilege is raised by plea, it is necessary that said plea be "sworn to" (Art. 2007, Vernon's Ann.Civ.Stats.), and that the "affidavit of the facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made." Witt & Sons v. Stith, Tex.Civ.App., 265 S.W. 1076, 1078; Smith v. Banks, Tex.Civ.App., 152 S.W. 449; Whitemore & Co. v. Wilson, 1 Posey Unrep.Cas. 213.

From the notary's certificate· appended to the plea of privilege here involved, it appears that appellants did not swear that the allegations of the plea of privilege were true, but that they acknowledged to the notary public "that they executed the same (presumedly the plea of privilege) for the purposes and consideration therein expressed."

As "a plea of privilege not properly sworn to would not authorize a court to change the venue, as such an instrument would be without any probative force" (Rogers v. Alexander, Tex.Civ.App., 289 S.W. 1070, 1071), we conclude that the trial court entered the proper order, which is accordingly affirmed.

### On Motion for Rehearing.

Appellants contend that the defect in the plea of privilege pointed out in the original opinion must now be considered as waived or cured, because appellee filed no exception to said plea in the court below. This contention is overruled. In order to place the onus of proof of the venue facts upon a plaintiff, it is necessary that the plea of privilege be "accompanied with the statutory requisite of an oath." Drew v. Harrison & Bros., 12 Tex. 279. See, also, 33 Tex.Jur. 624, § 173; 43 Tex.Jur. 803, § 78.

Appellants' motion for rehearing is overruled.